```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
                     SOUTH BEND DIVISION
```

CHARLES E. JUSTISE, SR.,     )
                             )
Petitioner,                  )
                             )
vs.                          )     CAUSE NO. 3:12-CV-826
                             )
SUPERINTENDENT,              )
                             )
Respondent.                  )

## OPINION AND ORDER

This matter is before the Court on the Amended Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Charles E. Justise, Sr., a *pro se* prisoner, on March 28, 2013. For the reasons set forth below, the amended habeas corpus petition (DE 11) is **DENIED** and Justise is **DENIED** a certificate of appealability.

BACKGROUND

Charles E. Justise, Sr., a *pro se* prisoner, is challenging his convictions for Child Molesting as a class A felony and Child Molesting as a class C felony. He was sentenced to 51 years by the Marion Superior Court on November 16, 2008, under cause number 49G06-0608-FA-159374. Justise filed a direct appeal which was denied by the Court of Appeals of Indiana and he filed a petition to transfer which was denied by the Indiana Supreme Court. He did not seek post-conviction review.

DISCUSSION

In this petition, Justise raises five grounds for habeas corpus relief.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is contrary to federal law if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant U.S. Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). This is a difficult standard to meet, and "[a] state court's determination that a claim lacks merit precludes

federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, __; 131 S. Ct. 770, 786 (2011).

## Ground One

Justise argues that his rights under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) were violated when the State destroyed 332 minutes of telephone calls which included conversations he had with his daughter while he was housed in the jail. He argues that during those calls, his daughter admitted that she fabricated the allegation that Justise had sexually assaulted her. The Court of Appeals of Indiana addressed this claim during his direct appeal and found that:

> Here, however, there was no evidence for the prosecution to suppress because the phone calls about which Justise complains were simply not recorded. Michael, the keeper of inmate phone records at the Marion County Jail, explained that the system failed to download approximately 90,000 phone calls due to a system wide failure. Although the logs indicated that the calls had been made, the recordings did not exist. It is axiomatic that if there is no evidence to suppress, there is no *Brady* violation. Accordingly, we find no error on this basis.

*Justise v. State*, 49A02-1105-CR-408 (Ind. Ct. App. May 22, 2012), DE 6-6 at 6.

Justise does not explain how the Court of Appeals of Indiana misapplied *Brady*; rather, he argues that it erroneously found that the calls did not exist because the evidence shows that these 332 minutes of recordings were destroyed after Detective Gregory Norris

3

listened to them. However, there is no evidence in the record to support his speculation about their destruction. At trial, Buzz Michael, a computer/telephone record keeper for the Marion County Jail, testified that about 90,000 inmate phone calls were logged, but not recorded from March 2006 to February 2007. Trial Record at 129. During a pre-trial hearing, Michael explained it this way:

> Basically, to make it simple, you have a computer, and the calls go out through that computer. The computer makes the record that you see, the, the visual, the actual record showing the time and the date of the call, and the recording, actual recording of the call happens on another piece of hardware. Those two pieces of hardware weren't communicating properly at the time, and because of that it made the record, but it didn't actually make the recording of the call.

September 16, 2008, Pre-Trial Hearing Transcript at 15-16. Michael also testified that "there's no rhyme or reason behind which calls were lost and which calls were kept." *Id.* at 17. Then he explained that, "when you pull up those calls it's going to pull up a call log showing that all the calls happened. But when it goes to burn the CD it's only going to burn onto the CD the call, the, the recorded calls that were recorded. It's not going to be able to burn on there files that don't exist." *Id.* at 17-18.

Justise argues that Detective Norris testified that he listened to those 332 minutes of missing recordings. However, that was not his testimony at trial. Detective Norris testified that he "printed a log" showing that Justise had made over 500 minutes of calls while at the jail, but he did not testify that he downloaded

all of those calls. Trial Record at 280. As Michael explained, unrecorded calls could not be downloaded, therefore Detective Norris could not have listened to any of the 332 minutes of unrecorded calls. Nothing in Detective Norris' testimony indicates that he did. Justise cites to Detective Norris' affirmative response to his question on cross-examination, "you listened to all of the phone calls, is that correct?" *Id.* But he ignores the clarifying statement explaining that he "listened to every minute that I downloaded . . .." *Id.* at 281. Nowhere does Detective Norris testify that he listened to any of the 332 minutes of calls that Justise alleges were destroyed. The trial record supports the holding of the Court of Appeals of Indiana that those calls were not recorded.

Based on the facts in this record, Justise has not shown that the decision of the Court of Appeals of Indiana "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Therefore he has not demonstrated that he is entitled to habeas corpus relief based on Ground One.

### Ground Two

Justise argues that "[t]he State has an obligation to make sure that the missing phone calls were recorded." DE 11 at 2. The Respondent argues that the Court of Appeals of Indiana reasonably

concluded that the calls were not recorded due to an unintended computer failure. The United States Supreme Court has explained that, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

Justise argues that bad faith is shown by the evidence demonstrating that the calls were deleted. However, that is merely rearguing the claim he raised in Ground One. As previously explained, Ground One is not a basis for habeas corpus relief because it was not an unreasonable determination of the facts for the Court of Appeals of Indiana to have determined that the calls in question were not recorded. Therefore to the extent that Ground Two is merely a re-phrasing of Ground One, it is not a basis for habeas corpus relief. However, to the extent that Ground Two is raising a different claim – the claim that the calls were not, but should have been recorded – bad faith cannot be shown by merely inconsistently asserting that the calls were recorded and later deleted.

Here, the Court of Appeals of Indiana implicitly found that the police were not acting in bad faith when it determined that "the system failed to download approximately 90,000 phone calls due to a system wide failure." *Justise v. State*, 49A02-1105-CR-408 (Ind. Ct. App. May 22, 2012), DE 6-6 at 6. The finding that these

calls were the result of a "system wide failure" precludes the possibility that the police did not record 332 minutes of Justise's phone calls because of bad faith. Justise has not identified any evidence showing that this conclusion "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Therefore he has not demonstrated that he is entitled to habeas corpus relief based on Ground Two.

## Ground Three

Justise argues that he was prevented from questioning "Ashley Jackson about what exactly was told to her by [his daughter] regarding a penis touching her or being 'fingered.'" DE 11 at 2. First, the Respondent argues that this claim is procedurally defaulted because Justise did not raise it as a federal claim in his Petition to Transfer to the Indiana Supreme Court. Nevertheless, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Here, the facts in the record demonstrate that Justise was not prevented from questioning Ashley Jackson about his daughter's statements regarding his penis touching his daughter or his having fingered his daughter. Rather, the trial record shows that he never

attempted to ask questions about those two subjects. He asked Ms. Jackson, "And in that conversation did she . . . the conversation was about a sexual incident?" Trial Record at 318 (ellipsis in original), but he withdrew that question. *Id.* at 319. He then asked, "Did she at any time say that I had licked her breasts?" *Id.* That question was stricken because it called for hearsay. *Id.* Then he asked, "Did she give you the impression that she had been molested?" *Id.* That question was stricken because it called for speculation. *Id.* Then the parties had a side bar conference which concluded with the judge saying, "So there is nothing I can do for you on these two questions. So do you have some more?" Trial Record at 322. Justise argues that "This is clearly referring to the finger and the penis." DE 19 at 12. But he is wrong. Justise had just asked two questions which had been stricken. The trial judge had just explained why they were inappropriate questions. Trial Record at 320. The trial judge then explained how it was necessary to lay a proper foundation before asking questions of a third party to impeach the testimony of a previous witness. Trial Record at 321-22. Finally, the judge concluded by telling Justise that "there is nothing I can do for you on these two questions." Trial Record at 322. The two questions to which the trial judge was referring were the two questions that had just been stricken. The trial judge said nothing about the finger and the penis.

Justise did not ask Ashley Jackson any questions about his daughter's statements regarding his penis or his having fingered his daughter. He was not prevented from trying to do so, nor even told not to try. Indeed, after telling him why his two questions had been stricken, and explaining how to ask a permissible question, the trial judge asked him, "So do you have some more [questions]?" Trial Record at 322. However, Justise abandoned the line of questioning related to his sexual assault on his daughter and turned to asking about a phone call from Denise Taylor instead. Because Justise was not prevented from asking Ashley Jackson about what his daughter told her about his penis and how he fingered the girl, his argument – in Ground Three – that he was prevented from doing so is not a basis for habeas corpus relief.

Ground Four

Justise argues that the evidence was insufficient to support his conviction because his daughter's inconsistent statements were "mere story telling." DE 11 at 3. On direct appeal, the Court of Appeals of Indiana was required to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)(emphasis in original). The State court correctly identified this standard when it explained

that it would "affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt." *Justise v. State*, 49A02-1105-CR-408 (Ind. Ct. App. May 22, 2012), DE 6-6 at 7.

> Justise concedes that a single witness is generally sufficient to sustain a conviction and does not challenge the evidence supporting the elements of the offense. Rather, he argues that [his daughter] engaged in "mere story telling." Appellant's Br. p. 4. Specifically, Justise contends that [his daughter] was "jealous of other women . . . and in competition with a person she told . . .." Appellant's Br. p. 4. However, this argument is nothing more than an invitation for us to reweigh the evidence, which we cannot do. See Peny, 962 N.E.2d at 154. Therefore, we affirm the decision of the trial court.

*Id.* at 8.

On habeas review, when considering a sufficiency of the evidence claim premised on witness credibility, the Court's role is even more limited. To find in favor of the petitioner on such a claim, the court would not only have to conclude that the witness was unreliable as a matter of law, "but [also] that no court could reasonably think otherwise." *McFowler v. Jaimet*, 349 F.3d 436, 456 (7th Cir. 2003).

Justise argues that his daughter's testimony was unreliable because, "[h]er story has changed three times on whether the penis was soft (TR 99) or hard (TR 98) when it entered her, before settling on in between (TR 99) [and because s]he is not aware of how her pants got off (TR 66)." DE 19 at 14 (footnote omitted). However, as Justise himself notes, the "thing that remains common

is the part that . . . a penis was inside here [sic]." *Id.* What is also consistent is that it was his penis. Despite the fact that his 12 year old daughter had difficulty describing his penis and in recalling every detail about how he molested her, she was consistent in her assertion that he did so. It was not unreasonable for the jury to have found Justise guilty and it was not unreasonable for the Court of Appeals to have found that there was sufficient evidence to convict him. This Court does not find that his daughter was unreliable as a matter of law and Ground Four is not a basis for habeas corpus relief.

## Ground Five

Justise argues that he was not allowed to present a complete defense because he was unable to play 25 phone calls he had with his daughter while he was in the Marion County Jail. As discussed in the court's review of Ground One, a computer failure resulted in these calls not being recorded. The recordings Justise argues that he wanted to play for the jury never existed. Nevertheless, Justise argues that it was error for the State to have been permitted to play some of the telephone calls that were recorded because the jail did not record every call that he made while at the jail. As discussed in this court's review of Ground Two, the failure to record the missing calls was not done in bad faith. Despite his unsupported conjecture to the contrary, there is no evidence that

the State decided whether to record a call based on its content. As the Jail's computer/telephone record keeper testified about the missing 90,000 recordings, "there's no rhyme or reason behind which calls were lost and which calls were kept." September 16, 2008, Pre-Trial Hearing Transcript at 17. Without a showing of bad faith, the missing telephone recordings are not a basis for excluding any of the recordings that were made. *Cf. Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Therefore Ground Five is not a basis for habeas corpus relief.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Justise has not made such a showing and will be denied a certificate of appealability.

CONCLUSION

For the reasons set forth above, the amended habeas corpus petition (DE 11) is **DENIED** and Justise is **DENIED** a certificate of appealability.


**DATED: December 18, 2014**          /s/RUDY LOZANO, Judge
                                       **United State District Court**